## STAKKE *et al* v. CHAPMAN.

1. Comp. Laws, § 3468, provides that an offer of performance shall be of no effect if the person making it is not able and willing to perform according to the offer. Section 3473 provides that an obligation for the payment of money is extinguished by an offer of payment if the amount is immediately deposited in the name of the creditor in a reputable bank, and notice thereof given to the creditor. Section 3469 provides that the money offered in payment need not be produced unless the offer is accepted. Defendant offered to pay plaintiff a larger sum than plaintiff afterwards obtained judgment for, if the latter would go with him to a bank near by, and on plaintiff's refusal he directed the bank to pay such sum to the plaintiff on the surrender of certain notes, but did not make a deposit in plaintiff's name. *Held,* not to show a tender and deposit necessary to relieve defendant from liability for costs in an action in which plaintiff recovered less than the sum offered.

2. A judgment debtor is not entitled to have the judgment against him satisfied on the payment of the amount of the judgment where the amount of the costs is not inserted therein, and he has made no motion to require the prevailing party to have the costs taxed, where prevailing party has not applied under Comp. Laws, § 5197, to the clerk to insert the costs.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Jerauld county. Hon. FRANK B. SMITH, Judge.

Action by K. O. Stakke and another against George T. Chapman on certain notes. From a judgment in favor of plaintiffs and an order refusing to satisfy the judgment on the payment of the principal without a payment of the costs, the defendant appeals. Affirmed.

The facts are stated in the opinion.

*N. J. Dunham,* for appellant.

No brief filed by respondent.

CORSON, J. This action, in which a warrant of attachment was issued, was commenced in a justice's court to recover the balance due upon certain promissory notes, and the judgment in that court was in favor of the plaintiffs for the amount due and for the defendant for the costs of the action. The plaintiffs appealed to the circuit court, and the judgment in that court was in favor of the plaintiffs, not only for the balance due on the notes, but for the costs of the action. From the latter judgment the defendant has appealed to this court. The principal question presented by the record is, was a certain offer of payment made by the defendant to the plaintiffs sufficient to extinguish the claim. or sufficient to prevent the plaintiffs from recovering costs in the action? The case in the circuit court was tried upon an agreed statement of facts, the material portions only of which need be stated. The defendant, admitting himself indebted to the plaintiffs in a certain sum, by his duly-authorized agent, prior to the commencement of this action, made an offer as follows: Defendant's agent requested plaintiffs' agent to go to the Bank of Wessington Springs with him, and stated to plaintiffs' agent that, if he would do so, he would pay to said agent the sum specified, and admitted by him to be due, and interest in full payment of plaintiffs' claim against the defendant; "that plaintiffs' agent refused to go to the said bank with the agent of the defendant, and refused to accept the said sum offered by the defendant's agent, on the ground that it was not the amount that plaintiffs claimed was due from the defendant, and that no other objection was then made; that defendant's agent at that time had control of the required amount of money belonging to the defendant in said bank of Wessington Springs; that afterwards, and on the same day,

the agent for the defendant instructed the Bank of Wessington Springs to pay to the plaintiffs or their duly-authorized agent" the amount so admitted by him to be due, and to demand from the plaintiffs or their agent the said notes signed by the defendant; that defendant's agent afterwards, and on the same day, informed the plaintiffs' said agent that he had deposited in the Bank of Wessington Springs the sum so admitted to be due, and interest, as aforesaid, and had instructed the said bank to pay the same to the plaintiffs or their duly-authorized agent at any time when they should call for the same and leave with the said bank the two certain notes mentioned; "that said money so deposited in said bank by the agent of the defendant was not entered upon the books of said bank to the credit of the plaintiffs; that said bank of Wessington Springs is a good and reputable bank, situated in Wessington Springs, Jerauld county, South Dakota; that the offer so made by the agent of the defendant to the agent of the plaintiffs was made in the immediate vicinity of said bank, and within a convenient distance from said bank." Upon this statement of facts the court concluded as matter of law that the plaintiffs were entitled to judgment against the defendant, and to their costs and disbursements incurred in the action, and judgment was thereupon entered accordingly.

The appellant contends that, inasmuch as the judgments recovered in the justice's court and in the circuit court were for a less amount than he offered to pay the plaintiffs, plaintiffs should not be entitled to costs in the action. No brief having been filed on the part of the respondent, we may assume that the court took the view that the offer set forth in the agreed statement of facts did not constitute such a tender of

payment or offer as would extinguish the debt or relieve the defendant from the payment of costs. It will be noticed by the statement of facts that the agent of the defendant did not have the money with him at the time of his alleged offer of payment. There was, therefore, no tender of payment at common law. To constitute a valid tender at common law, the party must have the money at hand, immediately under his control, and must then and there not only be ready and willing, but produce and offer to pay to the other party. Englander v. Rogers, 41 Cal. 420; Bakeman v. Pooler, 15 Wend. 637; Strong v. Blake, 46 Barb. 227. And we are of the opinion that the offer was insufficient under the provisions of our Code. It is provided by Section 3468, Comp. Laws, that, "an offer of performance is of no effect, if the person making it is not able and willing to perform according to the offer." It would seem therefore, that the party making the offer must have in his possession the amount of money offered at the time he makes the offer. This is quite clear from Section 3473, which provides that "an obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." This language presupposes that the party who makes the offer has in his possession the money, which he can immediately deposit in the name of the creditor. The fact, therefore, that the party making the offer had control of the money in a bank in the vicinity of the place of making the offer is not sufficient. The agent of the plaintiff was not required to go with the defendant's agent to the bank for the purpose of receiving the money, but the defendant's agent

should have had the money with him, ready to be produced, if necessary. While our Code has provided that the thing to be delivered need not in any case be actually produced unless his offer is accepted (Section 3469), we think in the case of the tender of money the party making the offer should at least have the money in his possession. It will be further observed that the money was not deposited in the name of the creditor, as provided by Section 3473, but the bank was simply directed to pay it to the plaintiffs in case they should deliver up the notes upon which they claimed there was a balance due. In order to extinguish the debt under the provisions of our Code, there must be not only a proper offer of the money, but the money must be deposited in the bank to the credit of the creditor. It must be so placed in the bank as to be in the name of the creditor, and subject to his absolute control. In order to extinguish the debt under the provisions of our Code, those provisions must be substantially complied with. The extinguishment of a debt by the offer and deposit provided for by the Code was unknown to the common law, and hence, in order that the debtor may extinguish the debt, he must show that he has complied with these provisions of the Code. The defendant failing, therefore, to make a tender as required by the common law, or the offer and deposit as required by the Code, the court was clearly right, not only in entering judgment for the plaintiffs for the amount found to be due, but for the costs of the action also.

A motion was made for the discharge of the attachment on the ground of abuse of process of the court. This motion was clearly without merit, and properly denied. The defendant also moved the court for an order directing the satisfaction of the judgment entered in the action upon the payment of the

amount of the judgment, exclusive of costs. This motion seems to have been made upon the ground that the judgment had been entered in the judgment book without any costs being inserted therein, and before the costs were inserted a tender was made of the amount of the judgment without costs. This was denied by the court, and, we think, correctly, for the reason that the amount of costs in an action may, upon proper notice, be inserted in the judgment after it is entered. Section 5197, Comp. Laws, provides: "The clerk must insert in the entry of judgment, on the application of the prevailing party, * * * the sum of the allowances for costs as provided by this Code." In case the prevailing party fails or neglects to tax the costs in the action, and the judgment debtor desires to pay the judgment, he may move the court to require the prevailing party to proceed, and have his costs taxed. In this case no such motion appears to have been made, but the judgment debtor tendered the amount of the judgment, exclusive of costs, and then made the motion hereinbefore referred to. This was not the proper practice, and the court was right in denying the motion. The judgment of the circuit court is affirmed.