SMITH, Respondent, v. EGAN, Appellant.

(150 N. W. 290.)

(File No. 3650.  Opinion filed December 31, 1914.  Rehearing pending.)

1.  **Costs—Tender, Conditional Deposit as—Extinguishment of Obligation—Statute.**

    A deposit of funds in bank, payable to his creditor's order, but on condition that acceptance should be in full payment of certain claims, **held**, to be no compliance with Civ. Code, Sec. 1166, concerning extinguishment of an obligation by deposit in creditor's name; hence, in an action on the claims, plaintiff, such depositor, may recover costs, though his recovery did not exceed amount of the deposit.

2.  **Costs—Tender, With "Clerk's and Sheriff's Costs"—"Any" Accrued Costs, Effect of Tender.**

    Where defendant made tender in court with "clerk's and sheriff's costs," and of "any costs that may have accrued up to this time," **held**, to be a tender of the taxable costs that had accrued to that time.

Appeal from Municipal Court of Sioux Falls.  Hon. ALPHA F. ORR, Judge.

Action by E. L. Smith, against George W. Egan, to recover for rentals, for certain damages, and for use of electric lighting. From a judgment entered upon a tender by defendant, and for taxable costs, defendant appeals. Affirmed.

*George W. Egan*, Appellant, in pro. per.

*Martin Bergh*, for Respondent.

(1) Under point one of the opinion, Appellant cited:  Sec. 410, Code Civ. Proc.; Sec. 1166, Civ. Code; Hill v. Place, (N. Y.) 36 How. Pr. 26.

Respondent cited: Sec. 1166, 1160, Civ. Code; Low .v. Warden, 77 Cal. 94, 99; See, also, Sanders v. Bryer, 152 Mass. 141; Wood v. Hitchcock, 20 Wend. (N. Y.) 47, 48; Stakke v. Chapman, 13 S. D. 269; 11 Ency. U. S. Sup. Ct. Rep. 591; Hepburn .v. Auld, 1 Cranch, 321, 2 L. Ed. 122; see, also, Hepburn v. Dunlop & Co., 1 Wheat. 179, 184, 4 L. Ed. 65; Woody v. Bennett, 88 Cal. 241.

(2) Under point two of the opinion, Appellant cited: Moore v. Studebaker Bros. Mfg. Co., (Texas) 136 S. W. 570.

Respondent cited: Lynk v. Weaver, (N. Y.) 28 N. E. Rep. 508.

POLLEY, J. This is an appeal from a judgment for costs in the municipal court of Sioux Falls. The action was brought by the plaintiff for the recovery of $288. This sum is composed of three separate items: One for office rent; another for damage alleged to have been caused by the negligent use of water in the said office; and a third item for electric light claimed to have been consumed by appellant. In his answer defendant admitted that he had been a tenant of plaintiff, but alleged that he had tendered to plaintiff $270, which was the full amount due him, and that he had kept said tender good· by depositing said amount to plaintiff's credit in a bank of good repute, and by giving plaintiff notice thereof, as required by section 1166, Civil Code. He also set up two counterclaims, amounting to $35, and asked judgment that plaintiff's claim be dismissed, and that he have judgment against plaintiff for the amount of the counterclaim. The case was tried to a jury, and, at the close of plaintiff's case, the court announced that there was not sufficient evidence to sustain plaintiff's claim for damages, and that he would not submit that item to the jury. Defendant then called to the stand an officer of the bank with which he claimed to have made the said deposit, and, in open court, tendered plaintiff the sum of $270 in full settlement of all amount involved. This offer was accepted by plaintiff. Defendant waived his counterclaim, and the jury was discharged. Thereafter costs, amounting to $23.90, were taxed by the clerk in favor of plaintiff, and judgment entered for that amount. Defendant, claiming this amount included some items to which plaintiff was not entitled, moved for a new trial. His motion·was overruled, and· he appeals.

The amount of the judgment is made up of the following items: Proceedings before notice of trial, $5; proceedings after notice of trial, $3; jury fee for city, $5; witness fees, $4.20; sheriff's fees, $2; clerk's fees, $4.70. At the proper time appellant objected to the allowance of any of the said amounts, except those designated as sheriff's and clerk's fees. These two items he admits were properly taxed against him. His objection to the other items is based upon the contention: First, that he had tendered as much to plaintiff before the commencement of the action as plaintiff recovered at the trial, and therefore plaintiff was not entitled to tax costs; and, second, that plaintiff did not prevail in the action, and, for that reason, was not entitled to tax costs. Appellant's inconsistency is apparent, because, if he made such a tender and deposit as is provided for by section 1166 of the Civil Code, and which he claims he did make, the obligation would have been conceled before the commencement of the action, and plaintiff would not have been entitled to even clerk's or sheriff's fees; nor would plaintiff have been entitled to tax the sheriff's and clerk's fees if he had not prevailed in the action. In either of these two events defendant himself would have been entitled to costs.

[1] But appellant's alleged tender was not such a tender as is provided for by said section of the Code. The tender made by appellant consisted of an offer of certain checks by appellant to respondent, each check being for the amount of a single month's rent in advance; but in each of said checks was the following condition: "This check is issued and received in full payment in the matter of rent, light, and water and all accounts in full to" the 1st day of the following month. And it was because these checks contained a receipt for light, water, and "all accounts in full," and before respondent knew how much, if anything, might become due for those items, that he refused to accept the same. After plaintiff's refusal of the checks, defendant deposited an equal amount in cash in the bank, subject to plaintiff's order, but the deposit was made subject to the same conditions that were named in the checks, and the money was refused by plaintiff for the same reason.

In Stakke et al. v. Chapman, 13 S. D. 269, 83 N. W. 261,

this court, in considering a question almost precisely like the one here presented, said:

"To constitute a valid tender at common law, the party must have the money at hand, immediately under his control, and must then and there not only be ready and willing, but produce and offer, to pay the other party [citing Englander v. Rogers, 41 Cal. 420; Bakeman v. Pooler, 15 Wend. (N. Y.) 637; Strong v. Blake, 46 Barb. (N. Y.) 227]. And we are of the opinion that the offer was insufficient, under the provisions of our Code. * * * While our Code had provided that the thing to be delivered need not in any case be actually produced, unless his offer is accepted (section 3469 [Civ. Code]), we think, in the case of the tender of money, the party making the offer should at least have the money in his possession. It will be further observed that the money was not deposited in the name of the cerditor, as provided by section 3473, but the bank was simply directed to pay it to the plaintiffs in case they should deliver up the notes upon which they claimed there was a balance due. In order to extinguish the debt under the provisions of our Code, there must be not only a proper offer of the money, but the money must be deposited in the bank to the credit of the creditor. It must be so placed in the bank as to be in the name of the creditor, and subject to his absolute control. In order to extinguish the debt under the provisions of our Code, those provisions must be substantially complied with. The extinguishment of a debt by the offer and deposit provided for by the Code was unknown to the common law, and hence, in order that the debtor may extinguish the debt, he must show that he has complied with these provisions of the Code. The defendant failing, therefore, to make a tender as required by the common law, or the offer and deposit as required by the Code, the court was clearly right, not only in entering judgment for the plaintiffs for the amount found to be due, but for the costs of the action also.".

[2] This disposes of the case, so far as any rights may have accrued by reason of the said tender; but appellant claims that it was a part of the understanding at the time the tender in court was made that only the sheriff's and clerk's fees were to be allowed. When appellant made the actual tender, the trial court put to him the following interrogatory:

"I presume that you mean to tender with that the costs up to this time?"

To which appellant replied:

"Certainly, I tender with it the clerk's and sheriff's costs, which could be taxed at this time in the case. The record may show that the defendant tenders to the plaintiff the sum of $270, which has been on deposit for plaintiff in the Sioux Falls Savings Bank under the testimony of this witness, and tenders also any costs that may have accrued up to this time. Mr. Clerk, how much are the costs up to this time?"

This is the tender that was accepted by plaintiff, and, while it is a fact that appellant did not · make special mention of the sehriff's and clerk's fees, his tender of "any" costs up to that time could only be understood to mean the taxable costs that had accrued up to that time.

The court was clearly right in overruling appellant's objections, and the judgment and order appealed from are affirmed.