UNION INVESTMENT COMPANY, Respondent, v.

SCHONEBAUM et al., Appellants.

(167 N. W. 398.)

(File No. 4356.   Opinion filed May 1, 1918.)

**Appeals—Error—Dismissal of Appeal—Appeal From Judgment, Time For, re Statute Shortening Time—Whether Retroactive— Statute Construed.**

Under Laws 1917, Ch. 201, amending Code Civ. Proc., Sec. 442, giving right of appeal within two years, by limiting time for appeal from a judgment to one year from the perfecting thereof, **held,** to give as to judgments perfected prior to July 1, 1917, a full year, and no more, from that date, in which to take an appeal, except in cases where, under Sec. 442, the time for appeal would expire in less than a year after July 1, 1917. Motion to dismiss appeal taken after July 1, 1916, and more than one year, but less than two years, after perfection of appeal, denied.

Action by the Union Investment Company, against Martin Schonebaum and others. From the judgment rendered, defendants appeal. Upon motion to dismiss appeal. Denied.

*P. J. Donahue, M. L. Parish,* and *G. M. Caster,* for Appellants.

*Boyce, Warren & Fairbank,* for Respondent.

Respondent submitted that: Where a statute regulating or changing or taking away the right of appeal contains no reservations or exceptions as to existing cases it is retroactive; citing: McClain v. Williams, 10 S. D. 332; 73 N. W., 72; 43 L. R. A., 287; Lafferty v. Shinn, 38 Ohio, State 46.

WHITING, P. J.   Motion to dismiss an appeal from a judgment. The judgment was perfected after July 1, 1916. The appeal was taken more than one year, but less than two years, after the perfection of the judgment.

Under the law as it existed prior to July 1, 1917 (section 442, C. C. P.), an appeal from a judgment could be taken at any time within two years from the perfecting of such judgment. Chapter 201, Laws 1917, amends said section 442 by limiting such time for appeals to one year. Respondents contend that the right of appeal from this judgment expired at the end of one year from the perfection thereof.

Conceding that an appeal is but a privilege which the Legislature can take away if it so desires, the sole question before us is: What was the legislative intent in passing chapter 201, Laws 1917? If it were intended that this law should be retroactive in effect, then it was the intent to take away the existing right of appeal, where such existing right had less than a year to run, and to leave in existence such existing right of appeal when such existing right had over a year to run under the former law. If the legislative intent were that such amendment should apply only to judgments thereafter perfected, the result would be to in no manner shorten the period for appeals from judgments already perfected. Thus we would have a right of appeal from judgments perfected in June, 1917, existing until June, 1919, while the right of appeal from judgments perfected in July, 1917, would terminate in July, 1918. We cannot believe that the Legislature intended to create either of the above situations.

It seems clear to us that the Legislature intended, upon the one hand, not to summarily terminate any existing right of appeal, and, upon the other hand, not to allow any period of more than one year in which to take an appeal after July 1, 1917. We are therefore of the opinion that as to judgments perfected prior to July 1, 1917, the amendment gives a full year, and no more, from July 1, 1917, in which to take an appeal, except in those cases where, under section 442, supra, the right of appeal would expire in less than a year after July 1, 1917.

In support of the above we cite Wilson v. Kryger, 26 N. D. 77, 143 N. W. 764, 51 L. R. A. (N. S.) 760, and numerous authorities therein cited.

The motion to dismiss is denied.