BOARD OF TRUSTEES, TOWN OF ARDMORE, et al., Ap-
pellants, v. LINKER, et al., Respondents.

(187 N. W. 635.)

(File No. 4968.    Opinion filed April 10, 1922.    Rehearing denied
May 16, 1922.)

1.    Appeals—More Than Year Between Judgment and Notice of Ap-
peal, Appeal Dismissed.

More than a year having elapsed between entry of judgment
and notice of appeal, appeal from judgment is dismissed.

2.    Appeals—New Trial, Expiration of Year From Judgment Entry to
Notice of Motion, Non-jurisdiction of Trial Court to Grant—
Non-extension of Time by Stipulation or Failure to Object—
Rule.

Where more than one year had expired between judgment
entry and service of notice of motion for new trial, judgment
had become final, and trial court was without jurisdiction to
grant new trial, unless final character of judgment was sus-
pended by parties' stipulation extending time to move for new
trial, or by respondent's failure to object to trial court's juris-
diction at the hearing; but held, that neither of those reasons
is sufficient to continue court's jurisdiction beyond said period
of one year; since jurisdiction of subject matter may be ques-
tioned at any stage of case; nor can such jurisdiction be con-
ferred by waiver or stipulation.    Case of Irwin v. Seeman (S.
D.) 176 N. W. 652, where date of hearing of motion for new
trial as notice antedated expiration of said period, distinguished.

3.    Appeals—Year From Judgment Expired Before Hearing of Mo-
tion Re New Trial, Record Showing Non-jurisdiction, Affirm-
ance on Appeal as Remedy—Order Denying New Trial, Void.

Where, as in instant case, date of hearing under notice, re
motion for new trial, was after expiration of one year from
judgment entry, and appeal record showing trial court was
without jurisdiction in denying new trial, judgment will be
affirmed by Supreme Court on motion; as this would expedite
disposition of case and save respondent expense and labor of

preparing and printing brief.  **Held**, further, that trial court's order denying new trial was void.

Appeal from Circuit Court, Fall River County.  Hon. WAL-TER G. MISER, Judge.

Action by the Board of Trustees, Town of Ardmore, and others, against George W. Linker and others.  From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal.  Upon order to show cause in re dismissal of appeal.  Judgment affirmed, and order denying new trial vacated.

*P. F. Ward,* and *G. C. Kaylor,* for Appellants.

*Helm & Lewis,* and *M. Q. Sharpe,* for Respondents.

POLLEY, J.  This is an appeal from a judgment and from an order overruling a motion for a new trial, and is before the court at this time upon an order directed to the appellant to show cause why the order overruling the motion should not be affirmed.  The facts upon which the order to show cause is based are as follows:  The judgments in the case, three in number, were entered on the 18th, 20th, and 22d days of March, 1920.  On the 25th of March, 1920, notice of intention to move for a new trial was given.  Nothing further appears to have been done until the 19th day of February, 1921, when a stipulation was entered into, extending the time to move for a new trial to the 1st day of April following.  On the 31st day of March another stipulation extending time was entered into, and again on the 15th day of April the time was extended by stipulation to the 20th day of April.  On the 20th day of April notice of motion for a new trial was given.  On the 16th day of May, 1921, the motion was denied by the court.  On the hearing of this motion no objection was made to the jurisdiction of the court to hear and determine the same.

[1]  More than a year having elapsed between the entry of the judgments and the notice of appeal, the appeal from the judgment must be dismissed.

[2]  Upon the appeal from the order denying a new trial a different question is presented.  In Irwin v. Seeman, 42 S. D. 574, 176 N. W. 652, this court, quoting from Bevey-Shute Lr. Co. v. Donahue et al. (N. D.) 175 N. W. 205, said:

" * * * When the time for appeal from judgment has expired, the trial court has no authority thereafter to entertain a

motion for a new trial under the objection of the adverse party, unless the final character of the judgment has been suspended by proceedings commenced prior to the time for appeal has expired. In applying this rule this court held in Skaar v. Eppeland, supra, that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of the time for appeal from a judgment, but continued by consent of the parties, and finally submitted and determined after the time for appeal from judgment has expired, the final character of the judgment is suspended by such proceedings, and the court has jurisdiction to determine a motion for a new trial, even though the time for appeal from judgment has expired. But in Gohl v. Bechtold, supra, this court held that the final character of the judgment is not suspended, so as to authorize the court to entertain the motion, by the mere fact that notice of motion was served prior to the time in which an appeal from the judgment has expired.' We believe the above rule correctly interprets the appeal statute, and adopt the same as the rule to be followed in this state."

In the present case more than a year had expired between the entry of judgments and the service of the notice of the motion for a new trial. Therefore the judgments had become final, and the trial court was without jurisdiction to grant a new trial, unless the final character of the judgments was suspended by the stipulation of the parties, extending the time for moving for a new trial, or by the failure of the respondent to object to the court's jurisdiction at the hearing. Neither of these reasons is sufficient to continue the jurisdiction of the court beyond the period of one year after the entry of judgment. Jurisdiction of the subject-matter may be questioned at any stage of the case, and failure to raise the question at one stage of a case does not estop a party from raising the question at a later stage of the case. Jurisdiction of the subject-matter cannot be conferred by waiver; neither can it be conferred by stipulation. When we held that the final character of a judgment might be suspended by motion for a new trial to be heard prior to the expiration of the year, but continued by consent of the parties or because of the court's inability to hear and determine the same we thought, as the North Dakota court appears to have thought, that we had gone as far as we would go and keep within the law. The necessary conclusion

is that when the time for appealing from the judgment was allowed to expire without having moved for a new trial the judgments had become final, and the trial court had lost jurisdiction to hear and determine the same.

[3]   This brings us to the question:  What is the proper remedy in cases of this kind?  In Polluck v. Railroad Co., 43 S. D. 456, 180 N. W. 62, we held that it would not be proper to dismiss an appeal because the trial court was without jurisdiction to make the order or judgment appealed from.  The reason given for this position was that in case the trial court had made an order granting a new trial, when it was without jurisdiction to act, to dismiss the appeal would be to let the order that had been made without jurisdiction remain in force, and that the matter should be disposed of upon the appeal itself rather than upon a motion to dismiss.  But where it is apparent on the face of the record that the trial court was without jurisdiction, and the judgment must remain in force, we can see no reason why the judgment may not be affirmed on motion, as well as to wait until the matter is reached on appeal.  This would expedite the disposition of the case to some extent, and save the respondent the expense and labor of preparing and printing his brief.  In this case the trial court was without jurisdiction either to grant or deny a new trial, and its order denying new trial was void.

The judgment appealed from is affirmed, and the order denying new trial is vacated.  No costs will be taxed in this court by either party.