DOUGHTRY, Respondent, v. HYDE, Appellant.

(208 N. W. 581.)

(File No. 5737. Opinion filed April 22, 1926.)

1. Appeal and Error—Judgments—Taxation of Costs—Failure to Tax Costs Does Not Make Judgment Incomplete Nor Prevent Year for Appeal from Commencing on Signing, Attestation, and Filing of Judgment (Rev. Code 1919, Secs. 2560, 3147).

Under Rev. Code 1919, Secs. 2560, 3147, failure to tax costs does not make a judgment, complete in other respects, incomplete, nor prevent the year for appeal from commencing upon the signing, attestation and filing of the judgment.

2. Appeal and Error—Where Motion for New Trial Was Not Noticed, Nor Appeal from Judgment Taken Within One Year from Filing Judgment, on Motion, Order Denying New Trial Will Be Vacated and Judgment Affirmed.

> Where motion for new trial was not presented, nor appeal from judgment taken within one year from signing, attestation, and filing of judgment, on motion, order denying a new trial will be vacated and judgment affirmed.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 344, 3 C. J. Sec. 1048; **(2)** Appeal and error, Key-No. 1126, 4 C. J. Sec. 3121 (Anno.).

Appeal from Circuit Court, Hughes County: Hon. John F. Hughes, Judge.

Action by W. Thomas Doughtry against Charles L. Hyde. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, defendant appeals. Order denying new trial vacated, and judgment affirmed.

*Will G. Robinson,* of Pierre, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

CAMPBELL, J. Respondent, claiming fraud in the sale of certain real estate to him by appellant, deposited a reconveyance in court, and brought this action to rescind the sale and recover the purchase price. Respondent prevailed in court below, and, on June 29, 1923, judgment in favor of respondent was duly signed, attested, and filed, the substantial portion of which is as follows:

"It is ordered, adjudged, and decreed that the plaintiff, W. Thomas Doughtry, have judgment against the defendant, Charles L. Hyde, for the sum of $760.87, and for his costs and disbursements in the sum of ——— dollars (to be afterwards taxed and inserted herein by the clerk of courts), and that upon payment of said judgment by said defendant the said clerk of courts shall deliver to said defendant, Charles L. Hyde, the deed so deposited with him."

On July 17, 1923, appellant gave notice of intention to move for new trial.

On July 9, 1924, appellant served upon respondent notice that appellant would move for a new trial on July 18, 1924, on which date said motion for new trial was submitted by appellant and on July 28, 1924, the learned trial judge made and entered his order denying new trial. On September 19, 1924, appellant served and filed notice of appeal from the judgment of June 29, 1923, and from the order of July 28, 1924, denying his motion for new trial.

[1, 2]   Respondent now moves this court to dismiss the appeal, for that no appeal was taken from the judgment within one year after the same was signed, attested, and filed, and for that the trial court had no jurisdiction to entertain the motion for new trial; the same not having been noticed or presented within one year after the signing, attesting, and filing of the judgment.

Costs in this action were not taxed below until August 6, 1924, and appellant contends that the judgment did not become complete until the taxation of costs, particularly in view of the fact that by the terms of the judgment appellant was to make a certain money payment, and thereupon be entitled to receive a conveyance on deposit with the clerk of courts, and until costs were taxed there was no way whereby appellant could determine the amount necessary to be paid by him or could go to the clerk and make his payment and receive his deed. In the instant case appellant does not claim that he ever sought or desired to pay the money judgment and take the deed, or that he was in anywise prejudiced or delayed, but simply advances this argument as theoretical support of the view that the judgment could not become complete before August 6, 1924, and, therefore, that the year for appeal could not commence to run until that date.

Section 2560, Code 1919, defines a judgment, and states when the same becomes complete and effective as follows:

"*Judgment, What Constitutes.* The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision. It becomes a complete and effective judgment when reduced to writing, signed by the court, attested by the clerk and filed in his office."

The initial point of the year for appeal from judgment is definitely and specifically fixed as the signing, attestation, and filing of the judgment by section 3147, Code 1919, reading as follows:

"*Time for Appeals.* An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing; every other appeal allowed must be taken within one year after the judgment shall be signed, attested and filed."

Our statute clearly contemplates that the allowance and taxation of costs and the insertion of the amount thereof in the entry of judgment shall take place after the judgment is signed, attested, and filed, but we see no warrant for holding, under our statute, that the taxation of costs and insertion thereof in the entry of judgment are necessary to render the judgment complete or to start the year for appeal. Appellant would have us amend sections 2560 and 3147 above set out by adding to each thereof the phrase "and after costs have been duly taxed and allowed and the amount thereof inserted by the clerk in the entry of judgment." This we are neither willing nor able to do.

If appellant had desired to pay up the money judgment and take his conveyance, and respondent had failed or neglected to tax his costs, then appellant should have moved the court below to require costs to be taxed, as pointed out in Stakke v. Chapman, 83 N. W. 261, 13 S. D. 269.

We are clearly of the opinion that failure to tax and insert costs would not prevent the judgment, which was complete in all other respects, from being complete and effective when signed, attested and filed, and would not prevent the year for appeal from commencing upon such signing, attestation, and filing. In the instant case, therefore, it was necessary to appeal within one year after June 29, 1923. No appeal from the judgment was taken within that time, nor was motion for new trial either noticed or presented within that time. Hence appellant has not succeeded in bringing anything to this court, and respondent's motion must be in all things granted upon the authority of Board of Trustees v. Linker, 187 N. W. 635, 45 S. D. 370, and the purported order denying new trial will be vacated, and the judgment appealed from affirmed. It is so ordered. Respondent may have his costs in this court, except that he shall tax nothing for printing his brief.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.