MELOY, Respondent, v. KELL et al, Defendants.

(210 N. W. 675.)

(File No. 6175.  Opinion filed November 15, 1926.)

**Appeal and Error—Application for Remand of Record to Move for New Trial, Made More Than Year After Judgment, Will Be Denied (Rev. Code 1919, § 2557, subd 1, section 3147, and section 2559, as amended by Laws 1925, c. 185).**

Application for remand of record for purpose of motion for new trial, made more than year after judgment, will be denied, in view of Rev. Code 1919, § 2557, subd. 1, section 3147, and section 2559, as amended by Laws 1921, c. 185.

Note.—See, Headnote, A m e r i c a n  Key-Numbered  Digest, Appeal and error, Key-No. 1106 (4), 4 C. J. Sec. 3102 (Anno).

Appeal from Circuit Court, Mellette County.

Action by Hattie E. Meloy against C. E. Kell and the White River State Bank. From a judgment for plaintiff, and an order denying a new trial, defendant Bank has appealed. On application by defendant Bank for an order to remand record for purpose of enabling motion for new trial to be made. Application denied.

*W. J. Hooper,* of Gregory, and *C. F. Manson,* of White River, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

POLLEY, J. This matter is before the court upon an application by the appellant to have the record on appeal remanded to the circuit court of Mellette county, in order that appellant may make a motion for a new trial on the ground of newly discovered evidence. Respondent resists the application on the ground that the application was not made within one year after the entry of the judgment appealed from.

The judgment appealed from was entered on the 20th day of April, 1925. This application was made on the 24th day of July, 1926. Subdivision 1 of section 2557, Rev. Code 1919, provides that, where the motion is made on affidavits, the moving party must within 20 days after the serving of notice, or such further time as the court may allow, serve copies of such affidavits upon the adverse party, and further provides that a motion for a new trial on the ground of newly discovered evidence may be made at any time before the close of the term next succeeding that

at which the action was tried. And prior to the enactment of chapter 185, Laws 1921, section 2559 authorized the court, upon good cause shown, to extend the time within which any of the above acts may be done, or after the time limited therefor had expired, fix another time within which any of such acts may be done. But all the above provisions are controlled by the amendment to section 2559 found in chapter 185, Laws 1921, which provides:

"That the time for presenting a motion for new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action."

Section 3147, Rev. Code 1919, provides that appeals from judgments must be taken within one year after the judgment shall be signed, attested, and filed. Union Inv. Co. v. Schonebaum, 40 S. D. 378, 167 N. W. 398. The result of these various provisions is that a motion for a new trial on any ground must, in all cases, be presented within one year after the judgment in the case has been signed, attested, and filed.

Therefore it is now too late for appellant in this case to move for a new trial, and his application to have the record remanded must be denied; and it will be so ordered.

CAMPBELL, J., concurs in the result.

DILLON, J., not sitting.