REMPFER, Appellant, v. JORDAN, et al, Respondent.

(231 N. W. 527.)

(File No. 6830.   Opinion filed June 24, 1930.)

*W. M. Potts,* of Mobridge, for Appellant.
*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BROWN, P. J. Appellant seeks to appeal from a judgment and order denying a new trial. The judgment was signed, attested, and filed on September 30, 1927. Appellant gave timely notice of intention to move for a new trial, and procured an order extending his time to make the motion until April 15, 1928. No further order extending time to move for a new trial was procured. On October

2, 1928, the attorneys for the respective parties stipulated that the record might be settled and motion for a new trial made on October 5th, which was done, and on October 13th an order denying a new trial was entered, and on the same day the attempted appeal was perfected. Respondent moves to dismiss the appeal because it was not taken within the time allowed by statute.

An appeal from a judgment must be taken within one year after the judgment is signed, attested, and filed. Code, § 3147. Appellant concedes that the appeal, so far as it is from the judgment, must be dismissed, because not taken in time, but insists that, as to the order denying a new trial, the appeal is in time.

Section 2559, providing that the court or judge, upon good cause shown, my extend the time within which any of the acts required in proceedings for a settled record or a motion for a new trial may be done, was amended by chapter 185, Laws 1921, which added a proviso "that the time for presenting a motion for new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action; and the judge shall make and file the order granting or denying such new trial within sixty days after presentation of such motion." Appellant contends that this proviso does not limit the time for presenting a motion for a new trial, but only limits the power of the court *to make an order extending* the time beyond the time for appeal from the judgment, and says that he asked no order and the court made no order extending the time, but that his motion was heard upon a stipulation of the parties, and he contends that the court had jurisdiction to hear the motion at any time within sixty days after the expiration of the time for appeal from the judgment.

Appellant says: "It is too apparent to require argument that it was the intention of the legislature in enacting chapter 185, Laws 1921, that the trial judge should retain jurisdiction to make and file an order granting or denying a new trial *for a period of fifty-nine days after the expiration of one year from the entry of the judgment.*" But the enactment contains no language indicating any such intention. It says that the trial judge shall make the order granting or denying a new trial within sixty days *after presentation of such motion,* not within sixty days after entry of the judgment. Appellant's argument would nullify what he says was the plain intention of the Legislature, for if, as he contends,

the motion for a new trial may be presented to the court by stipuulation after the time has expired for appealing from the judgment, there is no limit to the time when it may be so submitted by stipulation, and by the terms of the statute the trial court may make and file the order granting or denying a new trial within sixty days after presentation of the motion, which would result in giving the trial court jurisdiction to act upon the motion for a period much beyond fifty-nine days after the expiration of one year from the entry of the judgment. Even in the instant case, where judgment was entered on September 30th, and the motion for a new trial by stipulation was presented to the judge on October 5th, the judge by the terms of the statute could have deferred action upon the motion until December 4th, which would be beyond the time which appellant says it was the apparent intention of the Legislature to grant when it enacted chapter 185, Laws 1921. Appellant, conceding that past decisions of this court seem to be against his position, says that the effect of those decisions should be limited to the particular facts in each case, and that so limited no decision of this court is really at variance with the contention that his appeal from the order denying a new trial is timely. The earnestness with which this contention is urged may excuse a review of prior decisions of this court in which the question is considered. In Irwin v. Seeman, 42 S. D. 574, 176 N. W. 652, we held that, where a motion for new trial is noticed *to be heard* within the time for appeal from the judgment, the court has jurisdiction to hear the motion, although the time of hearing is postponed by stipulation or for convenience of the judge until after that time, but said that, if the notice of the motion is not served until after the expiration of the time for appeal from the judgment, jurisdiction to hear the motion is lost, and in Dean v. Seeman, 42 S. D. 577, 176 N. W. 649, we held that, where the motion for a new trial *is submitted* before expiration of the time for appeal from the judgment, it is in time, though not decided until afterwards. Both of these cases were decided before the amendment of 1921. In Board of Trustees v. Linker, 45 S. D. 370, 187 N. W. 635, decided after the 1921 amendment became effective, we held that, where the time for appeal from the judgment has expired before notice of motion for new trial is given, the court has lost jurisdiction to entertain the motion, and that neither stipulation of counsel extending the time nor fail-

ure to object to the hearing of the motion (that is neither waiver nor estoppel) could confer jurisdiction, and an attempted appeal from the order denying a new trial must be dismissed. See, also, Doughtry v. Hyde, 50 S. D. 122, 208 N. W. 581. In Security State Bank v. Rodway, 50 S. D. 156, 208 N. W. 778, we held, quoting the language of the 1921 amendment, that a motion for a new trial not having been *presented* within the time for appeal from the judgment, although notice for hearing within that time was given, but hearing was postponed by agreement of court and counsel to a time to be later agreed upon, the court lost jurisdiction to hear the motion at the expiration of the time for appeal from the judgment. In Brown v. Christensen, 50 S. D. 474, 210 N. W. 668, 670, we said that an action is terminated when the time for appeal from the judgment has expired, and the trial court has no jurisdiction to hear a motion for new trial thereafter, and that, even though the appearance of plaintiff on the hearing of the motion "be considered as a waiver * * * or a stipulation to hear the motion, * * * the court was without jurisdiction to hear the motion or make an order thereon after the time for appeal had expired." In Meloy v. Kell, 50 S. D. 481, 210 N. W. 675, referring to the various proceedings to be taken for a motion for a new trial and the power of the court to extend the time within which any of the acts necessary therefor may be done, or to fix a new time, and quoting the proviso in the amendment in 1921 "that the time for presenting a motion for new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action," we said: "The result of these various provisions is that a motion for a new trial on any ground must, in all cases, be presented within one year after the judgment in the case has been signed, attested, and filed."

We are satisfied that the presentation of the motion for a new trial in the instant case cannot be held to have been made in time, without both overruling a number of our previous decisions and putting a forced and unwarranted construction on the statutes limiting the time for presenting such motion. We hold that the proviso in the amendment of 1921, "that the time for presenting a motion for new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action," has the same meaning as if it read that the time for presenting the

motion *shall not extend* beyond the time limited by statute for appealing from the judgment. It follows that appellant's motion for a new trial was not presented within the time limited by statute, and that the motion to dismiss the appeal must be sustained both as to the judgment and as to the order denying a new trial, and it is so ordered.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.